UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHADWICK JONES (#376355)

VERSUS                                          CIVIL ACTION

LOUISIANA DEPARTMENT OF PUBLIC                  NUMBER 08-188-FJP-SCR
SAFETY AND CORRECTIONS, ET AL

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 14, 2009.

                                    /s/ Stephen C. Riedlinger
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHADWICK JONES (#376355)

VERSUS                                              CIVIL ACTION

LOUISIANA DEPARTMENT OF PUBLIC                      NUMBER 08-188-FJP-SCR
SAFETY AND CORRECTIONS, ET AL

MAGISTRATE JUDGE'S REPORT

This case is before the court on the order to the plaintiff to show cause why the complaint should not be dismissed for failure to prosecute pursuant to Local Rule 41.3M.  Record document number 23.

Plaintiff was ordered to show cause why the complaint should not be dismissed for failure to prosecute pursuant to Local Rule 41.3M.  Plaintiff failed to respond to the show cause order.

This action was filed on March 31, 2008.  A review of the record showed that defendants Joan Carter and Linda Ramsey were served with the summons and complaint on June 20, 2008.[1]  A Clerk's Entry of Default was entered on September 29, 2008.  Plaintiff has not moved for entry of a default judgment against the defendants nor taken any other action to prosecute his claims since then.

A court may dismiss an action for failure to prosecute.  Rule 41(b), Fed.R.Civ.P.; *McCullough v. Lynaugh*, 835 F.2d 1126, 1127

---

[1] Record document numbers 13 and 14.

(5th Cir. 1988).  Local Rule 41.3M(C) provides that a case may be dismissed "[w]here a cause has been pending six months without proceedings being taken within such period."  The scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Dismissal of the plaintiff's complaint would be effectively with prejudice since if it were re-filed it would be subject to Louisiana's one-year statute of limitations.  LSA-C.C. art. 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989).

It is clear that the plaintiff has lost interest in prosecuting this action.  In addition to taking no action to further prosecute this case for more than a year, the plaintiff failed to respond to this court's show cause order.

As a practical matter, the case cannot proceed if the plaintiff does not prosecute it or respond to the court's orders regarding disposition of the case.  Imposition of sanctions short of dismissal would be ineffective in the circumstances of this case.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed for failure to prosecute

pursuant to Rule 41(b) and Local Rule 41.3M.

Baton Rouge, Louisiana, December 14, 2009.

                                            STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE